UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM MCDEVITT, as he is
ADMINISTRATOR, PAINTERS AND ALLIED
TRADES DISTRICT COUNCIL No. 35 TRUST
FUNDS,
         Plaintiff,

vs.

TOTAL GLAZING SYSTEMS, INC.
         Defendant,

C.A. No.

# COMPLAINT

## NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and pursuant to §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to pay fringe benefit contributions and pay interest due to the plans under the terms of a collective bargaining agreement and an arbitration award. This is also an action for breach of a settlement agreement to collect all sums due under that settlement agreement.

## JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f), and §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiff William McDevitt is the Administrator of the Painters and Allied Trades District Council No. 35 Trust Funds ("Funds"). The Funds are multi-employer plans within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and "employee benefit plans" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Funds are administered at 25 Colgate Road, Suite 204, Roslindale, Massachusetts, within this judicial district.

4. Defendant Total Glazing Systems, Inc. ("Total Glazing Systems") is a New Hampshire corporation with a principal place of business at 63 Adams Road, Londonderry, New Hampshire, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## FACTS

5. Defendant Total Glazing Systems is a party to a collective bargaining agreement ("Agreement") between the Painters and Allied Trades District Council No. 35 ("Union") and the Painters and Finishing Employers Association of New England, Inc. and Glass Employers Association of New England, Inc. The Agreement is a contract within the meaning of 29 U.S.C. §185(a). A true and accurate copy of relevant pages of the Agreement is attached hereto as Exhibit A.

6. The Agreement requires signatory employers such as Total Glazing Systems to make contributions to the Plaintiff Funds for each hour worked by employees. The Agreement specifies the amount to be contributed by an employer to each of the Plaintiff Funds for each hour worked and specifies further that these amounts are to be paid by the fifth day of the subsequent month.

7. The Agreement also provides that interest shall be charged at the rate of 1.5% per month on unpaid contributions.

8. Total Glazing Systems improperly classified three bargaining unit members for purposes of health benefits eligibility for a period of time starting in May 2014 and running until December 2014 when the workers were intermittently engaged in "outside work" under the Agreement.

9. The result of this improper classification was that Total Glazing failed to make proper benefit payments on the bargaining unit members' behalf, leading to principal delinquencies of $41,032.97.

10. In addition to the $41,032.97 in principal delinquencies, Total Glazing Systems also failed to remit the correct payments for these workers when the workers were intermittently engaged in "shop work" under the Agreement, thereby leading to benefits underpayments totaling $7,179.89.

11. In addition to those errors, Total Glazing Systems also violated the Agreement by failing to deduct or remit any union dues deductions for these three employees during the period May 2014 through December 2014.

12. The Agreement provides that the New England Painting, Finishing & Glazing Industries District Council No. 35 Joint Trade Board ("Joint Trade Board") is authorized to hear and adjudicate questions of interpretation of the Agreement and grievances and complaints against members of either party to the Agreement or independent signatory employers for all alleged violations of the Agreement.

13. The Agreement provides that Joint Trade Board decisions are binding on independent signatory employers, such as Total Glazing Systems.

14. A hearing concerning Total Glazing Systems' various violations of the Agreement took place before the Joint Trade Board on May 28, 2015.

15. Total Glazing Systems received written notice of the hearing, but the corporation failed or refused to have a representative present to represent Total Glazing Systems at the May 28, 2015 hearing.

16. The Joint Trade Board voted that Total Glazing Systems must pay the principal delinquent balance of $41,032.97 in full, as well as the benefits underpayment of $7,179.89, the un-liquidated total of dues deduction for the relevant period, and a Joint Trade Board administrative fee of $200. The Joint Trade Board informed Total Glazing Systems of its decision in a letter dated June 3, 2015.  A true and accurate copy of the Joint Trade Board's award is attached hereto as Exhibit B.

17. Following the mailing of the Joint Trade Board award to Total Glazing Systems, the Company has failed to remit any of the required payments.

18. Total Glazing Systems still owes $48,417.86 in principal delinquent benefit contributions and underpayments due to the worker misclassifications, as well as an un-liquidated sum for dues deduction for the period May 2014 through December 2014, and the Joint Trade Board administrative fee of $200.

19. Total Glazing Systems has also failed to comply with the Joint Trade Board's award or remit the amounts it owes to the Funds.

20. Total Glazing Systems also failed file an action to vacate the arbitration award within thirty (30) days of its receipt.

21. Total Glazing Systems owes continuing interest on the unpaid contributions, which continues to accrue until those delinquent amounts are remitted to the Funds in full.

**COUNT I - VIOLATION OF ERISA**

22. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 21 above.

23. Absent an order from this Court, the Defendant will continue to refuse and fail to pay the sums it owes Plaintiff Funds for the period May 2o14 through December 2014, along with any interest on late payments and discrepancies, and the Funds and their participants will be irreparably damaged.

24. The failure of Total Glazing Systems to make payment of all contributions owed on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

25. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

26. The Funds are entitled to recover the full amount of unpaid contributions through the date of the Judgment in this matter, plus all amounts due of past-due interest on late-paid contributions, continuing interest on unpaid contributions, liquidated damages, and reasonable attorney's fees and costs, pursuant to ERISA.

## COUNT II - VIOLATION OF THE COLLECTIVE BARGAINING AGREEMENT

27. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 26 above.

28. The Agreement is a contract within the meaning of §301 of the LMRA.

29. The failure of Total Glazing Systems to pay all contributions and interest owed on behalf of it covered employees violates the terms of the Agreement.

## COUNT III – ENFORCEMENT OF ARBITRATION AWARD

30. Plaintiff repeats and incorporates by reference herein paragraphs 1 through 29 above.

31. The arbitration award issued by the Joint Trade Board requires defendant Total Glazing Systems to pay the amount of the award, plus interest.

WHEREFORE, Plaintiff requests this Court to grant the following relief:

a. Order the attachment of the bank accounts, funds, machinery, inventory and accounts receivable of Total Glazing Systems;

b. Enter judgment in favor of the Plaintiff Funds on Count I for all contributions and underpayments owed from May 2014 through December 2014, plus the interest on late payments, or which may become due during the pendency of this action, plus past due interest on late-paid contributions, continuing interest on unpaid contributions, liquidated damages, attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2);

c. Enter judgment in favor of the Plaintiff Funds on Count II for all contributions, underpayments and dues deductions owed from May 2014 through December 2014, together with continuing interest determined by the Court to be owed the Funds or which may become due during the pendency of this action; and

d. Enter judgment in favor of the Plaintiff Funds on Count III to confirm and enforce the arbitration award of the Joint Trade Board in the amount of the award, plus interest and penalties as described in the award.

e. Such further and other relief as this Court may deem appropriate.

                    Respectfully submitted,

                    WILLIAM MCDEVITT, as she is
                    ADMINISTRATOR, PAINTERS AND
                    ALLIED TRADES DISTRICT COUNCIL
                    No. 35 TRUST FUNDS,

                    By his attorneys,


                    /s/ Louis A. Mandarini
                    Paul F. Kelly, Esq., BBO #267000
                    Kathryn S. Shea, BBO #547188
                    Louis A. Mandarini, BBO#669293
                    Segal Roitman, LLP
                    111 Devonshire Street, 5th Floor
                    Boston, MA  02109
                    (617) 742-0208, Ext. 253
Dated:  September 30, 2015      lmandarini@segalroitman.com